UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**JUAN AVALOS,**

   Plaintiff,

v.   No. 4:23-cv-00583-P

**FREEMYER INDUSTRIAL PRESSURE, LP,**

   Defendant.

## MEMORANDUM

Before the Court is Defendant's Motion to Compel Arbitration and Dismiss. ECF No. 12. Having considered the briefing and evidence of record, the Court concludes the Motion should be and hereby is **GRANTED**. Accordingly, all claims by Plaintiff against Defendant are **DISMISSED without prejudice**.

## BACKGROUND

In March 2019, Plaintiff Juan Avalos began working as a mechanic for Defendant Freemyer Industrial Pressure, LP ("Freemyer"). At this same time, Avalos signed a Dispute Resolution Program and Arbitration Agreement (the "Arbitration Agreement") with Freemyer. In May 2021, Avalos began experiencing chest pains which ultimately led to Avalos having quintuple bypass surgery in late May 2021. While recovering, Avalos applied for short term disability with Freemyer. Two months later Freemyer asked Avalos when he would be expecting to return for work, to which Avalos responded that he would be seeing his physician in August in hopes he would be cleared to return to work. However, during the last week of July 2021, Freemyer terminated Avalos. On August 4, 2021, Avalos then received clearance to return to work from his physician.

On June 8, 2023, Avalos filed suit in this Court alleging Freemyer violated the Family Medical Leave Act ("FMLA") and the Americans

with Disabilities Act ("ADA"). Freemyer subsequently moved to compel arbitration in August 2023.

## APPLICABLE LAW

The Fifth Circuit applies an intuitive two-step analysis in determining whether parties should be compelled to arbitrate a dispute: (1) whether there is a valid agreement to arbitrate; and (2) whether the plaintiff's claim is covered by the arbitration agreement. *Lloyd's Syndicate 457 v. FloaTEC, L.L.C.*, 921 F.3d 508, 514 (5th Cir. 2019). Under Texas law, a party who seeks to compel arbitration has the initial burden to establish the existence of an arbitration agreement and to show that the asserted claims fall within its scope. *See In re Oakwood Mobile Homes, Inc.*, 987 S.W.2d 571, 573 (Tex. 1999), *abrogated on other grounds by In re Halliburton Co.*, 80 S.W.3d 566, 571–72 (Tex. 2002); *Wachovia Sec. LLC v. Emery*, 186 S.W.3d 107, 113 (Tex. App.—Houston [1st Dist.] 2006, no pet.). If the party seeking to compel arbitration establishes the existence of an arbitration agreement, the burden shifts to the party opposing arbitration to show why the agreement should not be enforced. *In re Sands Bros. & Co.*, 206 S.W.3d 127, 129–30 (Tex. App.—Dallas 2006, no pet.); *see Carter v. Countrywide Credit Indus., Inc.*, 362 F.3d 294, 297, 301 (5th Cir. 2004).

It is well settled that the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, evinces a liberal policy favoring arbitration agreements. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). Further, any doubts "concerning the applicability of an arbitration clause should be resolved in favor of arbitration." *AT&T Techs, Inc. v. Commc'n Workers of Am.*, 475 U.S. 643, 650 (1986). The Supreme Court, in sum, has said that by agreeing to arbitrate a statutory claim, a party does not "forgo the substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather than a judicial, forum." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 628 (1985). The FAA does not permit courts to exercise any discretion, but courts should instead "direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985).

## ANALYSIS

Since it is undisputed that there is a signed, valid agreement to arbitrate between Avalos and Freemyer, the Court need only look at the second step of *Lloyd's Syndicate*: whether Avalos's FMLA and ADA claims are covered by the Arbitration Agreement. *See generally* ECF No. 18-1; *also Lloyd's Syndicate 457,* 921 F.3d at 514. Freemyer points to the language of the Arbitration Agreement which states that "any and all claims or injuries" that are "in the Course and Scope of [his] employment" and any claims or disputes "which arise[] from, relate[] to or [are] derivative of any Covered Dispute" are subject to arbitration. ECF No. 12 at 10; *see also* ECF No. 18-1. This includes a claim or dispute "of whatever kind and character" that arises out of a workplace "injury." *Id.* On the other hand, Avalos attests that his FMLA and ADA claims should not be subject to the Arbitration Agreement between him and Freemyer. *See* ECF No. 18 at 1. Avalos says that his claims do not arise out of the "course and scope" of his employment as defined under the Arbitration Agreement because he was not acting in his capacity as an employee when he was subjected to the alleged discrimination. *Id.* at 3. The Court addresses below why Avalos's argument falls short.

Courts in this Circuit have routinely held that plaintiffs' claims for violations of the ADA and FMLA are "subject to mandatory arbitration." *Shaw v. Walsh Servs., Inc.*, No. CIV.A.3:96-cv-1772-D, 1997 WL 30907 at *1–2 (N.D. Tex. Jan. 22, 1997) (Fitzwater, J.); *see also Rosas v. WHW Towing Co. L.P.*, No. 3:06-cv-2390-B, 2007 WL 9717313 (N.D. Tex. Oct. 12, 2007) (Boyle, J.); *also Santarino v. A.G. Edwards & Sons, Inc.*, 941 F. Supp. 609, 610–11 (N.D. Tex. 1996) (Boyle, J.). Given Avalos's claims are for alleged violations of the FMLA and ADA in connection with the termination of his employment with Freemyer, on the surface it appears there is both a valid agreement to arbitrate and Avalos's claims are covered by the Arbitration Agreement. *See* ECF No. 1 at 3. The burden, under *Llyod's Syndicate* and Texas law, shifts to Avalos to show why his FMLA and ADA claims should not be subject to the Arbitration Agreement. *See Lloyd's Syndicate 457,* 921 F.3d at 514; *In re Sands Bros. & Co.*, 206 S.W.3d at 130. As stated above, Avalos attests his claims should not fall under the Arbitration Agreement because he was

3

"not acting in any capacity for [Freemyer]" when he was allegedly discriminated against and harassed by Freemyer. ECF No. 18 at 3. In his complaint, Avalos pleads that Freemyer discriminated and retaliated against him by not providing him with notice of his right to take FMLA protected leave and subsequently terminating him, *post hoc*, for exercising alleged protected activities under the ADA. *See* ECF No. 1 at 7. While it is not for the Court to address the merits of the allegations at this stage, it is clear to the Court that these allegations fall squarely within the course and scope of Avalos's employment. As the arbitration agreement states, any claims that "arise[] from, relate[] to or [are] derivative of any Covered Dispute," are covered by the Arbitration Agreement. ECF No. 18-1 at 2. The Arbitration Agreement defines a "Covered Dispute" as:

> Any legal or equitable claim relating to the enforcement, applicability or interpretation of this Dispute Resolution Program and Arbitration Agreement and/or any and all claims or injury suffered by Employee while in the Course and Scope of Employee's employment with the Company. Covered Dispute includes, but is not limited to, claims for negligence, gross negligence, claims for personal injuries, physical impairment, disfigurement, pain and suffering, mental anguish, wrongful death, survival actions, loss of consortium and/or services, medical and hospital expenses, expenses related thereto, emotional distress, exemplary or punitive damages and any other loss, claim or dispute of whatever kind and character that arises out of any workplace or on-the-job injury. Covered Dispute further includes any claim or dispute which arises from, relates to, or is derivative of any Covered Dispute. Covered dispute does not include any claim related solely to benefits due or allegedly due under the Company's employee injury benefit plan.

*Id*.

It is clear the actions Avalos pleads in his complaint "arise from" or at the very least "[are] derivative" of a claim arising from the course and scope of his employment. Avalos claims he was discriminated and retaliated against while he was on leave from his position. *See* ECF No. 1 at 7. The very nature of being on leave is connected to the ordinary course and scope of Avalos's employment because it directly impacts the duties that he has at the time, which, while on leave, are being on leave

4

from performing his ordinary duties. Put plainly, the nexus between being on leave and working in the normal course of his employment is direct: if not for leave, Avalos would be doing his normal job duties. Therefore, any claims that arise in connection with Avalos's leave are claims captured under the Arbitration Agreement, as they must naturally arise out of his employment with Freemyer.

## CONCLUSION

Therefore, the two-prong test under *Lloyd's Syndicate* is satisfied and Freemyer has correctly asserted that Avalos's claims are subject to compulsory arbitration. Avalos has failed to demonstrate why the Arbitration Agreement should not be enforced respecting his claims. Accordingly, Freemyer's motion to dismiss is **GRANTED**, and all of Avalos's claims are **DISMISSED without prejudice**.

**SO ORDERED** on this **18th day of October 2023.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE